MONMOUTH COUNTY INVESTMENT CORP., A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT, v. BORIS YUSKEWITCH AND HELEN YUSKEWITCH, DEFENDANTS-APPELLANTS, AND SOPHIA YOUSKEVITCH, IGOR YOUSKEVITCH AND ANNA YOUSKEVITCH, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued December 15, 1969—Decided January 8, 1970.

Before Judges CONFORD, COLLESTER and KOLOVSKY.

*Mr. Robert B. Silverman* argued the cause for appellants.

*Mr. Daniel G. Gallop* argued the cause for respondent.

PER CURIAM. In this action on a promissory note executed by defendants to plaintiff and concededly subject to the provisions of the Secondary Mortgage Loan Act, *N. J. S. A.* 17:11A–1 *et seq.,* the court granted plaintiff's motion for summary judgment. The court overruled defendants' contention that the following provision in the note,

the undersigned [defendants] further promise to pay to the holder hereof a reasonable attorney's fee in the event that this note shall become the subject of legal proceedings instituted to collect any amount due hereon,

violated the Secondary Mortgage Loan Act and rendered the obligation void. After taking testimony, the court then

determined that a fee of $1050 was a reasonable attorney's fee.

Judgments were entered in plaintiff's favor for $7764.42, the principal and interest due on the note, and for the attorney's fee award of $1050 plus costs of $52.10.

■ Defendants appeal, contending that "imposition of an attorney's fee upon defendants violated the Secondary Mortgage Loan Act." We disagree. The section of the act upon which defendants rely, *N. J. S. A.* 17:11A–22, deals only with the fees which may be charged an applicant for a loan. It does not proscribe provisions in the loan obligation aimed at reimbursing the lender for reasonable attorney's fees he may thereafter incur in seeking to collect by legal proceedings the unpaid balance of the loan.

■ Such provisions are, however, subject in operation and effect to pertinent rules and regulations adopted by the Commissioner of Banking and Insurance pursuant to the broad powers granted him by the act to adopt "such rules and regulations as shall be necessary to the establishment and maintenance of a standard of fair, equitable and honest conduct in the transaction of secondary mortgage loans." *N. J. S. A.* 17:11A–30. The record discloses that by Regulation No. 4 the Commissioner has authorized the lender-licensee to provide for reimbursement to it of "reasonable legal fees actually paid" in collecting the amount due.

■ While the testimony furnishes adequate support for the court's determination that a fee of $1050 would be reasonable for the services rendered by plaintiff's attorney in these proceedings, there is no proof that fees in at least that amount have actually been paid by plaintiff to its attorney or that plaintiff has obligated itself for payment of attorney's fees in at least that amount whether or not collection is effected.

So much of the judgment as embodies an attorney's fee allowance of $1050 is therefore reversed and remanded to the trial court for a hearing and determination as to the legal fees actually paid by plaintiff or for which plaintiff has

obligated itself as above mentioned, and the allowance to plaintiff of such amount, not exceeding, however, $1050, as part of the final judgment to be entered herein.

The judgment is otherwise affirmed.